MD

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dean Davis, | No. CV 14-00009-PHX-DGC (MEA) |
| Plaintiff, | |
| vs. | **ORDER** |
| Richard Albrect, et al., | |
| Defendants. | |

On November 1, 2013, Plaintiff Michael Dean Davis, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint in Maricopa County Superior Court, case number CV2013-013518 (Doc. 1, Exhibit 1). In his Complaint, Plaintiff alleges violations of his rights under the Fifth and Fourteenth Amendments of the United States Constitution, as well as claims under the Arizona Constitution and Arizona state law. Plaintiff named as Defendants Commissioner Richard Albrecht, Maricopa County Superior Court Judges Susanna Pineda and Teresa Sanders, MCAO[1] Jennifer Hanson, MCAO Jeffrey Duvenback, and OPDS[2] Attorneys Marvin Davis and Amy Bain.

. . . .

. . . .

---

[1] Plaintiff is apparently referring to the Maricopa County Attorney's Office.

[2] Plaintiff is apparently referring to the Maricopa County Office of Public Defense Services.

**JDDL-K**

On January 2, 2014, Defendants Jennifer Hanson, Jeffery Hanson,[3] and Albrecht removed the case to federal court based on federal subject matter jurisdiction, stating that they were served with the Complaint on December 17, 2013.  On January 9, 2014, Defendants Albrecht, Pineda and Sanders filed a Motion to Dismiss based on absolute judicial immunity, or, alternatively, Plaintiff's failure to comply with Arizona's notice of claim statute.  (Doc. 3.)  Also on January 9, 2014, Defendants Duvenback and Jennifer Hanson filed a Motion to Dismiss based on prosecutorial immunity, or, alternatively, failure to state a claim against them.  (Doc. 4.)

The Court will dismiss the Motions to Dismiss as moot.  The Court is already statutorily required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.[4]  28 U.S.C. § 1915A(a); 42 U.S.C. § 1997e(c).  The Court will dismiss this action.

## I. Removal to Federal Court was Proper

The Complaint facially shows that subject matter jurisdiction is proper in federal court and that the case was timely removed.  28 U.S.C. § 1446(b).

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction.  28 U.S.C. §1441(a).  That is, a civil action that could have originally been brought in federal court may be removed from state to federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

. . . .

. . . .

---

[3] Although Defendants wrote Jeffery "Hanson" in the Notice of Removal, they apparently meant to write Jeffrey Duvenback, the only "Jeffery" named in the Complaint.

[4] Plaintiff is a "prisoner" within the meaning of the Prisoner Litigation Reform Act (PLRA).  Under the PLRA, a "prisoner" is a "person incarcerated or detained in any facility" who has been charged or convicted and sentenced for violations of criminal law. 28 U.S.C. §§ 1915(h), 1915A(c); 42 U.S.C. § 1997e(h).  Consequently, this case is subject to PLRA requirements, including screening of the complaint.  28 U.S.C. §§ 1915(h), 1915A.

1  The Complaint in this case alleges violations of his federal constitutional rights. 28 U.S.C. § 1441(a). Further, the case was timely removed. 28 U.S.C. § 1446(b).

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less

1 stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

### III. Complaint

In Count One,[5] labeled "Lack of Jurisdiction," Plaintiff alleges that he was arrested on August 9, 2012 but was not given a "probable [cause] hearing" within the statutory time frame. Plaintiff was taken to his "I.A. court on August 9, 2012," and he contends that he should have been given a preliminary hearing on August 19, 2012. Plaintiff alleges that "this didn't happen, because of this the court lacks jurisdiction." Plaintiff further alleges that the "defendants knew or should ha[ve] known that the defendant did not receive a grand jury indictment." Plaintiff argues that "a person cannot be prosecuted by information in the event that a conviction amounts to more than (1) year and thereby constitutes an infamous crime within the meaning of the [F]ifth Amendment to the Constitution of the United States."

In Count Two, labeled "Treason," Plaintiff alleges that "the commissioner, trial judges, and the county attorney'(s) knew or should have known that their [sic] was not jurisdiction to proceed. The defendant'(s) fundamental rights to due process has been violated[;] he is entitled to dismissal of the charges for failure to find probable cause to proceed with this prosecution." "When a judge acts where he or she do[es] not have jurisdiction to act, the judge is engaged in an act, or acts of treason."

. . . .

---

[5] Plaintiff did not separate his various claims into separate counts. For clarity, the Court will assign numbers to each claim.

1 In Count Three, labeled "Malic[i]ous Prosecution," Plaintiff alleges that "the commissioner, trial judges, and county attorneys commit[] malicious prosecution when the[re is] a lack of jurisdiction, and the county attorney attempts to prosecute you anyway, and the commissioners, judges al[l]ow it to take place."

In Count Four, labeled "Fraud," Plaintiff alleges that the "County Attorney Jennifer Hanson, and Marvin L. Davis on Aug. 30th 2012 had committed fraud by means of hav[]ing me sign a waiver of probable cause . . . when my probable cause hearing had already lapsed by [11 days]." Defendant Davis "had purposely deceived the defendant on Aug. 30th 2012. Marvin L. Davis and prosecutor Jennifer Hanson conspired to commit[] fraud against me by fraudulently dup[]ing me into signing the waiver of probable cause when the [preliminary hearing] had already lapsed the statutory time frame of [10 days] by [11 days]."

In Count Five, labeled "Abuse of Discretion," Plaintiff alleges that Defendants Pineda and Sanders "abused their d[i]secretion when they den[i]ed [Plaintiff] the right to be heard, and, or rul[]ing [on Plaintiff's motions] without answers from the state."

In Count Six, labeled "Legal Malpractice," Plaintiff alleges that he notified his attorney of his concerns about the lack of jurisdiction, but his attorney failed to "appress [sic] those concerns," thereby violating her duty as a legal criminal defender and breaching the attorney-client relationship. Plaintiff had to file his own motions because his attorney would not and his attorney told him it would be unethical to do so.

Plaintiff appears to allege in the section labeled "Argument" that he has been denied equal protection of the law and due process under the Fifth and Fourteenth Amendments.

Plaintiff seeks the dismissal of all charges against him with prejudice, immediate release from custody, the filing of judicial and bar complaints, and $1,000,000 from each Defendant.

. . . .

. . . .

JDDL-K

- 5 -

**IV.     Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.     Defendants Albrecht, Pineda and Sanders**

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).

This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Peirson v. Ray*, 386 U.S. 547, 553-54 (1967), or of making grave errors of law or procedure, *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *see also Ammons v. Baldwin*, 705 F.2d 1445, 1446-48 (11th Cir. 1983) (judge entitled to immunity from a claim that he verbally abused and humiliated plaintiff); *Tanner v. Heise*, 879 F.2d 572, 577-78 (9th Cir. 1989).

Regardless of the judge's status in the judicial hierarchy, a judge has absolute immunity for acts performed in the judge's official capacity. *O'Neill v. City of Lake Oswego*, 642 F.2d 367 (9th Cir. 1981) (*pro tem* municipal judge); *Tanner*, 879 F.2d at 577-78 (magistrate); *Brewer v. Blackwell*, 692 F.2d 387, 396 (11th Cir. 1982) (justice of the peace).

. . . .

. . . .

Although Plaintiff alleges that the state court was without jurisdiction, he has not alleged any facts to even suggest that the state court did not have jurisdiction over his criminal case.[6] *See*, *e.g., Stump*, 435 U.S. at 356-357, n.7 (noting, for example, that a probate judge with jurisdiction over only wills and estates who tries a criminal case would be acting in the absence of jurisdiction; whereas a criminal court judge who convicts a defendant of a nonexistent crime would merely be acting in excess of his jurisdiction and would be immune from liability for his action). Accordingly, Defendants Albrecht, Pineda and Sanders are absolutely immune from suit and will be dismissed.

### B.  Defendants Davis and Bain

Plaintiff sues criminal defense attorneys Davis and Bain. A prerequisite for any relief under § 1983 are allegations to support that a defendant acted under the color of state law. The "under color of state law" component is the equivalent of the "state action" requirement under the Constitution. *Lugar v. Edmondson Oil Co, Inc.*, 457 U.S. 922, 928 (1982); *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000) (citing *West v. Atkins*, 487 U.S. 42, 49 (1988); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (quoting *West*, 487 U.S. at 46). Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he or she does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). For this reason, Plaintiff fails to state a claim against Davis and Bain and they will be dismissed as Defendants.

. . . .

---

[6] Plaintiff apparently believes the state court lacked jurisdiction because a preliminary hearing was not held within ten days of his arrest. Court records available on-line, however, reflect that Plaintiff signed a waiver of a probable cause hearing and the court accepted the waiver of a preliminary hearing. *See* Maricopa County Superior Court Minute Entry dated August 30, 2012, at http://www.courtminutes.maricopa.gov/docs/Criminal/092012/m5401861.pdf (last visited May 8, 2014).

### C. Defendants Hanson and Duvenback

Plaintiff sues prosecutors Hanson and Duvenback. A prosecutor is absolutely immune from liability under § 1983 for conduct in "'initiating a prosecution and in presenting the State's case'" insofar as that conduct is "'intimately associated with the judicial phase of the criminal process.'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Burns v. Reed*, 500 U.S. 478, 486 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). That is, "[a] prosecutor is protected by absolute immunity from liability for damages under § 1983 'when performing the traditional functions of an advocate.'" *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)). Absolute immunity extends to a prosecutor "eliciting false or defamatory testimony from witnesses" or making false or defamatory statements during, and related to judicial proceedings. *Buckley*, 509 U.S. at 270 (citations omitted). "However, 'the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" *Genzler*, 410 F.3d at 636 (quoting *Buckley*, 509 U.S. at 273). Rather, prosecutorial immunity depends on "'the nature of the function performed, not the identity of the actor who performed it.'" *Id*. (quoting *Kalina*, 522 U.S. at 127). A prosecutor is only entitled to qualified immunity, rather than absolute immunity, when she performs administrative or investigative functions. *Id*.

Plaintiff's allegations against Hanson and Duvenback concern their prosecution of Plaintiff. Such conduct is intimately associated with the judicial phase of criminal proceedings against Plaintiff and is entitled to absolute immunity. As discussed herein, such allegations are not a basis for liability under § 1983. For this reason, Plaintiff fails to state a claim against Hanson and Duvenback and they will be dismissed.[7]

---

[7] Although Plaintiff labels Count Three as a "malicious prosecution" claim, he fails to state *any* facts supporting a claim of malicious prosecution. To state a claim for malicious prosecution, a plaintiff must allege facts to support that a defendant prosecuted him with malice and without probable cause for the purpose of denying equal protection or another specific constitutional right. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (citing *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

Because Plaintiff has failed to name a proper Defendant, and the defects cannot be corrected, his Complaint and this action will be dismissed.

**IT IS ORDERED:**

(1) The Complaint (Doc. 1, Exhibit 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) Defendants' Motions to Dismiss (Docs. 3, 4) are **denied as moot**.

(3) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 9th day of May, 2014.

_____
David G. Campbell
United States District Judge